Filed 3/13/24  P. v. Laso CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>GERARDO ELOY LASO,<br><br>　　　Defendant and Appellant. | H050852<br>(Monterey County<br>　Super. Ct. No. SS170063C) |

**THE COURT[1]**

Gerardo Eloy Laso appeals from an order denying his petition for resentencing under Penal Code section 1172.6,[2] under which a person convicted of attempted murder under the natural and probable consequences doctrine may seek to have their conviction vacated in specified circumstances.  Counsel filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), and Laso subsequently filed a supplemental brief on his own behalf.  For the reasons set forth below, we affirm the order.

---

[1] Before Greenwood, P. J., Bamattre-Manoukian, J., and Wilson, J.

[2] All statutory references are to the Penal Code, unless otherwise stated.  Laso filed his petition under former section 1170.95.  Effective June 30, 2022, section 1170.95 was renumbered as section 1172.6 with no substantive change.  (Stats. 2022, ch. 58, § 10.)  For clarity, we will cite to current section 1172.6 throughout this opinion.

## I. FACTUAL AND PROCEDURAL BACKGROUND[3]

In 2018, Laso pled no contest to second degree attempted murder (§§ 664, 187, subd. (a), count one), assault with a semi-automatic firearm (§ 245, subd. (b), count five), felony possession of a firearm (§ 29800, subd. (a)(1), count six), and assault with force likely to cause great bodily injury (§ 245, subd. (a)(4), count thirteen).  Laso admitted enhancements based on allegations that the offenses were committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)), and that he had previously been convicted of a serious and/or violent felony (§ 1170.12, subd. (c)(1)).  The parties stipulated that the preliminary hearing provided the factual basis for the plea.  Pursuant to the terms of Laso's plea agreement, the trial court sentenced him to an aggregate prison sentence of 30 years and four months, dismissing the remaining counts and enhancements.

In 2022, Laso filed a petition pursuant to section 1172.6, stating that he was entitled to resentencing because he was convicted of attempted murder under the natural and probable consequences doctrine and he could not presently be convicted of attempted murder due to changes made to sections 188 and 189, effective January 1, 2019.[4]  The trial court appointed counsel to represent Laso.  The prosecution opposed the petition, contending that Laso was not eligible for relief under section 1172.6, because the record of conviction revealed that he aided and abetted the crimes and harbored express malice, such that he could be convicted of attempted murder under present law.  The court scheduled an evidentiary hearing.  In a brief filed in anticipation of the hearing, Laso

---

[3] The underlying facts are not relevant to the issue raised on appeal.

[4] The Legislature amended sections 188 and 189 to limit "the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony." (*People v. Martinez* (2019) 31 Cal.App.5th 719, 722-728.)  Subsequent amendments to section 1172.6 clarified that the relief set forth therein is also available to persons convicted of attempted murder or manslaughter under a theory of felony murder and/or the natural and probable consequences doctrine.  (*People v. Porter* (2022) 73 Cal.App.5th 644, 651-652.)

made a motion in limine to suppress statements he made to the police, arguing in part that his *Miranda* waiver was not knowing, voluntary, and intelligent due to an "auditory processing disorder" that resulted in "a learning disability and adaptive functioning impairments . . . ." At the hearing, witnesses testified regarding Laso's alleged cognitive limitations.

After a hearing, the trial court denied the motion to suppress, and denied Laso's resentencing petition, finding that Laso aided and abetted a shooting with express malice, and that he shared the perpetrator's intent, such that he could be convicted of attempted murder under the law in place at the time of the hearing. Laso timely appealed.

On appeal, counsel filed an opening brief pursuant to the procedure set forth in *Delgadillo, supra*, 14 Cal.4th at pages 231-232. We notified Laso that he could file a supplemental brief on his own behalf, and that failure to do so would result in dismissal of the appeal as abandoned. (*Id.* at p. 232.) Laso filed a timely supplemental brief, in the form of a two-page letter designed to "bring to [this court's] attention certain aspects of [the] case that [Laso] believe[s] warrant reconsideration." Having reviewed the supplemental brief, we conclude that Laso does not raise an arguable issue on appeal. Accordingly, we affirm the trial court's order.

## II. DISCUSSION

An issue is arguable if it has a reasonable potential for success, and, if resolved favorably for the appellant, the result will either be a reversal or a modification of the judgment. (*People v. Johnson* (1981) 123 Cal.App.3d 106, 109.)

In his supplemental brief, Laso expresses concern that the same judicial officer presided over the hearings on his plea agreement, sentence, and resentencing petition, stating that this "may have introduced an element of bias, impacting the impartiality of the proceedings." Laso does not identify any evidence of bias or impartiality in the proceedings, or otherwise indicate why the involvement of the same judicial officer demonstrates that the proceedings were compromised in any way.

3

Laso also asks the court to consider the impact of his learning disability on the proceedings, namely his "ability to navigate complex situations, potentially leaving [him] vulnerable to manipulation." The trial court considered evidence of Laso's disability in ruling on his petition for resentencing. Laso has not cited any error in those proceedings, or identified any basis on which this court can "reconsider" the trial court's ruling.

Because Laso raises no arguable issue in his supplemental brief, we affirm the trial court's post-conviction order. (*People v. Serrano* (2012) 211 Cal.App.4th 496, 503-504.)

## III. DISPOSITION

The order denying Laso's resentencing petition is affirmed.